Filed 8/27/13  P. v. Alamos CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MARIO HECTOR ALAMOS,<br><br>　　　Defendant and Appellant. | B246078<br><br>(Los Angeles County<br>Super. Ct. No. TA116896) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge.  Affirmed as modified.

Matthew Alger for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Following a jury trial, appellant Mario Hector Alamos was convicted of first degree murder (Pen. Code, § 187, subd. (a)).[1] The jury also found true numerous handgun enhancements (§§ 12022.53, subds. (b), (c) & (d)) and found that the crime was gang-related (§ 186.22, sub. (b)(1)(c)). Appellant was sentenced to two consecutive 25-year-to-life terms.

Appellant filed a notice of appeal. This court appointed counsel to represent appellant on appeal. On July 19, 2013, counsel filed a brief raising no issues but requesting the court independently review the record for arguable contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On July 19, 2013, this court advised appellant he had 30 days to submit a supplemental brief raising appellate issues. Appellant has not filed such a brief with this court.


DISCUSSION


The facts are briefly summarized in the light most favorable to the judgment. (*People v. Barnes* (1986) 42 Cal.3d 284, 303.) Appellant and Gabriel Lopez were members of the Morton Town Stoners street gang. The victim in this case, Elden Mignault, was a member of the Southside Nuthood Watts street gang. His moniker was "Tripps." The two gangs were competing for control of the area in which the murder occurred.

In the afternoon of July 7, 2010, appellant chased Mignault down an alley. At some point, he slowed to a near stop, raised a handgun and fired multiple rounds at Mignault. Lopez ran toward appellant, saw a neighbor was watching, and told him not to fire the weapon. Mignault was hit in the back by two bullets and died.

The on looking neighbor (a person who rented a backhouse from Lopez's parents) identified appellant as the shooter at the preliminary hearing and at trial. Other evidence

---

[1] All further statutory references are to the Penal Code.

implicating appellant as the shooter was: (1) the recorded statement given to the police by the mother of Lopez's child indicating she observed appellant fire the weapon; and (2) the recorded statement of a gang member indicating appellant said he shot "Tripps" from the Nuthood gang in an alley near Lopez's house. A gang expert testified, based on a hypothetical consistent with the evidence in the case, that the murder of Mignault benefited the Morton Town Stoner gang.

We have completed our independent review of the record and have found no arguable appellate issues. The evidence was sufficient to support the judgment, the jury instructions were proper, and the sentence was authorized. However, the abstract of judgment does not accurately reflect the court's oral pronouncement of sentence as it excludes the consecutive term of 25 years to life imposed pursuant to section 12022.53, subdivision (d) and should, therefore, be corrected.

## DISPOSITION

The trial court is ordered to correct the abstract of judgment to conform to its oral pronouncement of sentence i.e., a consecutive term of 25 years to life under section 12022.53, subdivision (d), and to mail a copy of the corrected judgment to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259, 284.)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.                                        MOSK, J.

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3